UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES STUART FALLER II,

    Plaintiff,

v.                                    Case No.:  2:24-cv-606-SPC-KCD

BEASLEY BROADCAST GROUP,
INC., AUSTIN RHODES, and
DAVID E. HUDSON,

    Defendants.
                                /

## **ORDER**

    Pro se Plaintiff James Stuart Faller, II sues a radio host, its local media affiliate, and an attorney for Constitutional violations, slander, and libel. (Doc. 10.)[1] Defendants have moved to dismiss the complaint, raising personal jurisdiction, *res judicata*, and the *Rooker-Feldman* doctrine.[2] (Docs. 17, 23.)

    Defendants now move for a stay of discovery and case management conferral obligations pending a decision on the motions to dismiss. (Doc. 25.) Plaintiff responds that *res judicata* does not apply and a stay will prejudice him. (Doc. 27.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

[2] The *Rooker-Feldman* doctrine prohibits federal district courts from exercising appellate jurisdiction over state judgments. *Vasquez v. YII Shipping Co., Ltd.*, 692 F.3d 1192, 1195 (11th Cir. 2012). "Rooker-Feldman raises a question about our subject-matter jurisdiction." *Target Media Partners v. Specialty Mktg. Corp.*, 881 F.3d 1279, 1285 (11th Cir. 2018).

A district court has broad discretion to stay proceedings "as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Where a pending motion may dispose of the entire action, staying discovery when it is not necessary to resolve the motion may be justified. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins."). "In deciding whether to stay discovery pending resolution of a motion to dismiss, the court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Koock v. Sugar & Felsenthal, LLP*, No. 8:09-CV-609-T-17EAJ, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009). This necessarily entails taking a "preliminary peek" at the merits of the motion to dismiss. *Feldman v. Flood*, 176 F.R.D. 651, 652-53 (M.D. Fla. 1997).

Here, a "preliminary peek" at the motions to dismiss reveals that a stay is warranted. Defendants assert a *res judicata* defense and the *Rooker-Feldman* abstention doctrine, which raise serious questions regarding the Court's jurisdiction and the complaint's viability that must be resolved before Defendants are burdened with discovery and other pretrial obligations. If the motions to dismiss are granted—even in part—it would substantially impact

2

the claims against one or more Defendants and drastically alter the scope of discovery.

In arguing prejudice, Plaintiff does not explain what discovery is necessary for him to respond to the motions to dismiss. Further, Plaintiff has already responded to one of the motions without discovery. And lastly, when ruling on a motion to dismiss, the Court considers only the complaint and any other judicially noticed facts. Discovery is simply not necessary for the Court to decide the issues before it at this juncture.

Accordingly, it is hereby **ORDERED**:

1. Defendants' Motion to Stay (Doc. 25) is **GRANTED**. Discovery and the requirements of Federal Rule of Civil Procedure 16 are **stayed** pending a decision on whether this case will be dismissed.
2. The Clerk is directed to add a stay flag to the docket.
3. The Rule 16 conference set for September 30, 2024, is cancelled.

**ORDERED** in Fort Myers, Florida on September 11, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record