UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES STUART FALLER II,

    Plaintiff,

v.                                        Case No.: 2:24-cv-606-SPC-KCD

BEASLEY BROADCAST GROUP,
INC. and AUSTIN RHODES,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court is Defendants Beasley Broadcast Group, Inc. and Austin Rhodes' Motion to Dismiss (Doc. 38). Plaintiff James Stuart Faller II filed a Response in opposition. (Doc. 41). The motion is now ripe for review.

Plaintiff sues Defendants for slander and libel (defamation), civil conspiracy, and civil rights violations. Defendant Austin Rhodes hosts a radio talk show in Georgia. It is on this show, as well as online, that Rhodes allegedly made defamatory statements about Plaintiff. Defendant Beasley Broadcast Group (the operator of Rhodes' radio show) apparently enabled Rhodes to make the defamatory statements. Apart from defamation, Plaintiff claims Defendants conspired to commit various wrongdoings, including false-light invasion of privacy and extortion. Plaintiff also brings several claims under 42 U.S.C. § 1985.

This is not Plaintiff's first attempt at stating a claim. The Court previously dismissed Plaintiff's amended complaint, some claims with prejudice and some with leave to amend. (Doc. 36). Defendants now move to dismiss Plaintiff's second-amended complaint on similar grounds as last time, including failure to state a claim, lack of personal jurisdiction, res judicata, the *Rooker-Feldman* doctrine, and statute of limitations. For the reasons discussed below, Plaintiff's second-amended complaint is dismissed without leave to amend.

To survive a Federal Rule of Civil Procedure 12(b)(6) motion, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Bare "labels and conclusions, and a formulaic recitation of the elements of a cause of action," do not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See id.* at 570. A claim is facially plausible when a court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

The Court will address each count of Plaintiff's second-amended complaint in turn. In count I, Plaintiff brings a claim under 42 U.S.C. § 1985(2).[1] But Plaintiff never raised such a claim in his previous complaint. Although the Court's previous Order dismissing Plaintiff's amended complaint granted him leave to amend, it did not permit him to add entirely new claims. Rather, the Court gave him leave only to remedy the deficiencies of his prior complaint. *See Hooker v. Off. of Pers. Mgmt. & Dep't of Veteran Affs.*, No. 8:20-CV-1248-WFJ-CPT, 2021 WL 372827, at *3 (M.D. Fla. Feb. 3, 2021) ("The order dismissing the initial complaint with leave to amend does not grant leave to add totally new claims."). So count I is dismissed.

In counts II and VI, Plaintiff sues under 42 U.S.C. § 1985(3). As the Court formerly instructed Plaintiff, to state such a claim, he must allege that Defendants (the conspirators) were motivated by race or class-based discriminatory intent. *White v. Sch. Bd. of Hillsborough Cnty.*, 636 F. Supp. 2d 1272, 1278 (M.D. Fla. 2007). In count II, he makes no such allegation. In count VI, he conclusorily asserts that Defendants conspired against him in a "class-based attack" (Doc. 37 at 21) but provides no factual support. Bare conclusory allegations are insufficient. *See Twombly*, 550 U.S. at 555. What's more, to state a claim under this subsection, Plaintiff must allege Defendants

---

[1] Count I identified the statute as 28 U.S.C. § 1985(2), but the claim makes clear this was a scrivener's error.

3

conspired to deprive him equal protection of the laws. *Trawinski v. United Techs.*, 313 F.3d 1295, 1299 (11th Cir. 2002).  In count VI, Plaintiff alleges no such thing.  He claims Defendants violated this statute by publishing false information and refusing to correct it.  (Doc. 37 at 20-21).  This is nothing more than his defamation claim recast under a federal statute.  So counts II and VI are dismissed.

In count VII, Plaintiff brings another claim under 28 U.S.C. § 1985, alleging Defendants conspired to interfere with his First Amendment rights to access certain public officials by labeling him a criminal.  The court construes this as a third attempt to bring a claim under § 1985(3).  But again, Plaintiff fails to allege any class-based discrimination.  What's more, "[s]ection 1985(3) only provides First Amendment protection where the state was somehow involved in or affected by the conspiracy."  *Turner v. Williams*, No. 3:19-CV-641-J-32PDB, 2020 WL 1904016, at *11 (M.D. Fla. Apr. 17, 2020).  That is not the case here.  So count VII also fails.

Working back to count III, Plaintiff claims Defendants conspired to commit false light invasion of privacy against him.  But "Florida law does not recognize a cause of action for false light invasion of privacy." *Norkin v. The Fla. Bar*, 311 F. Supp. 3d 1299, 1303 (S.D. Fla. 2018) (citing *Jews For Jesus, Inc. v. Rapp*, 997 So.2d 1098, 1114 (Fla. 2008)).  This renders Plaintiff's conspiracy claim defective because "[a]n actionable conspiracy requires an

4

actionable underlying tort or wrong." *See Groover v. Polk Cnty. Bd. of Cnty. Commissioners*, 460 F. Supp. 3d 1242, 1258 (M.D. Fla. 2020). Because Florida does not recognize false light invasion of privacy, it is not actionable and thus cannot establish a civil conspiracy claim. *Am. United Life Ins. v. Martinez*, 480 F.3d 1043, 1067 (11th Cir. 2007) ("[A] claim that is found not to be actionable cannot serve as the basis for a conspiracy claim."). So count III is also dismissed.

In count VI,[2] Plaintiff brings another common-law civil conspiracy claim, this time alleging Defendants conspired to extort him into signing a false declaration in exchange for Defendants agreement to drop a claim for attorney's fees in a related Georgia case. The elements of a civil conspiracy are: (a) a conspiracy between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts performed pursuant to the conspiracy. *Walters v. Blankenship*, 931 So. 2d 137, 140 (Fla. Dist. Ct. App. 2006). Just like in his prior complaint, it is unclear what (if any) damages Plaintiff purportedly suffered. Moreover, the Court remains uncertain about how Defendants' alleged conduct was unlawful. Although Plaintiff uses colorful language, it sounds as if Defendants were

---

[2] Plaintiff's second-amended complaint includes two different claims labeled as "Count VI." This is the second such claim.

willing to drop their claim for attorney's fees in the Georgia case (in which Defendants were the prevailing party) if Plaintiff issued a sworn statement recanting his allegations that Defendants defamed him. That is not extortion; that is basic litigation. Regardless, Plaintiff fails to state a civil conspiracy claim, so this claim is also dismissed.

Turning now to Plaintiff's defamation claims—counts IV and V. Plaintiff enumerates over fifty statements made by Defendants that he believes were defamatory. (Doc. 37 at 17-20). Seeking to dismiss these claims, Defendants argue they are barred under res judicata, the *Rooker-Feldman* doctrine, and the statute of limitations; that the Court has no personal jurisdiction over Rhodes; and that Plaintiff has not complied with Fla. Stat. § 770.01's presuit-notice requirement. The Court need only address the latter two.[3]

The Court has no personal jurisdiction over Defendant Rhodes for the defamation claims. The Court previously made this determination and dismissed such claims with prejudice. (Doc. 36 at 6). So counts IV and V are (again) dismissed against Rhodes for lack of personal jurisdiction.

As for the defamation claims against Beasley, Defendants argue Plaintiff has not complied with Fla. Stat. § 770.01, which establishes a condition

---

[3] Either way, the Court would not address Defendants' res judicata, *Rooker-Feldman*, and statute of limitations arguments because they are wholly inadequate with essentially no analysis. *See Michaels v. Sasser's Glass Works Inc.*, 662 F. Supp. 3d 1223, 1243 (S.D. Fla. 2023) ("The law is well-settled that perfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived." (cleaned up)).

precedent to bringing a defamation suit. It requires that, at least five days before bringing a defamation action, the plaintiff must serve media defendants with written notice "specifying . . . the statements therein which he or she alleges to be false and defamatory." Fla. Stat. § 770.01. Plaintiff previously supplied multiple emails that he believed demonstrated compliance with this section. (Doc. 34-1 at 38-41). But these emails were inadequate because they failed to specify the alleged defamatory statements. For this reason, the Court previously dismissed the defamation claims. (Doc. 36 at 16).

This time around, Plaintiff has not provided any new emails or letters. Instead, he broadly alleges in the second-amended complaint that he made a specific demand to Defendants to remove or correct the long list of purportedly defamatory statements. (Doc. 37 at 17). Generally, under Federal Rule of Civil Procedure 9(c), this allegation of compliance with a condition precedent would likely suffice. But there is a problem: even assuming Plaintiff has now complied with § 770.01, it is too late. He cannot satisfy § 770.01 while the defamation case is already pending. *See Tobinick v. Novella*, No. 9:14-CV-80781, 2015 WL 1191267, at *9–10 (S.D. Fla. Mar. 16, 2015); *Gifford v. Bruckner*, 565 So. 2d 887, 888 (Fla. Dist. Ct. App. 1990) ("Compliance with section 770.01, where necessary, is a condition precedent to maintaining an action, and one cannot satisfy the statute by providing notice subsequent to

7

filing the complaint."). So Rule 9(c) does not shield Plaintiff from his prior deficiency.

Because Plaintiff failed to comply with § 770.01 before bringing this action, the case must be dismissed without leave to amend. This result is clear from the plain language of § 770.01, which requires the notice "[b]efore any civil action is brought for . . . libel or slander[.]" Fla. Stat. § 770.01. Indeed, this presuit requirement "is designed to allow a defendant the opportunity to be put on notice so as to take necessary steps to mitigate potential damages *and perhaps avoid litigation.*" *Tobinick*, 2015 WL 1191267, at *9 (citation omitted and cleaned up). So permitting Plaintiff to serve notice of a defamation suit after suit has been filed would render the statute meaningless. *See id.* (permitting § 770.01 notice post-suit "is meaningless, both in concept and in practice" because "once suit has been filed, the complaint itself should provide sufficient notice of the claims").

Simply put, because Plaintiff failed to comply with § 770.01 before filing this action, any subsequent compliance is a moot point. This case must be dismissed without leave to amend,[4] but with leave to refile. *See id.*

---

[4] Notwithstanding Plaintiff's failure to comply with § 770.01, Plaintiff still would not be permitted leave to amend his non-defamation claims. The Court previously advised Plaintiff of his pleading deficiencies for such claims, and he still failed to adequately allege them. "A district court need not allow an amendment where there has been repeated failure to cure deficiencies by amendments previously allowed." *Mandala v. Tire Stickers, LLC*, 829 F. App'x 896, 903 (11th Cir. 2020 (cleaned up).

("[D]ismissal with leave to *refile,* as opposed to amend, is the appropriate remedy for a violation of the statute prior to the expiration of the statute of limitations.").[5] And to the extent Plaintiff elects to refile, he is again advised that Georgia appears to be the proper venue for this action, so any future suit should be filed there.

Accordingly, it is now

**ORDERED:**

1. Defendants' motion to dismiss (Doc. 38) is **GRANTED.**

2. Plaintiff's second-amended complaint is **DISMISSED without leave to amend**.

3. The Clerk is **DIRECTED** to deny all pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on February 24, 2025.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

[5] Although some courts take a different approach—such as dismissing with leave to amend—the Court finds dismissal with leave to refile is the better method for the reasons outline above.

9